# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 50211 | **DATE** | 12/6/2001 |
| **CASE TITLE** | Brown vs. County of Winnebago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' motions to strike

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, plaintiffs' motion to strike supplemental affirmative defenses is denied, as is plaintiffs' motion to strike affirmative defenses two through five of defendants Swank and Meyers.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| X | Notices mailed by judge's staff. | | DEC - 6 2001 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 12-6-01 date mailed notice |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Lee O. and Barbara J. Brown, originally filed a ten-count complaint against defendants, County of Winnebago ("County"), Winnebago County Sheriff's Department, Donald Gasparini, in his official capacity as the Sheriff of Winnebago County ("Sheriff"), and Robert Swank and Scott Meyers, in their individual capacities as deputies of the Sheriff. Counts V - X have since been dismissed, as has the Winnebago County Sheriff's Department. In the remaining counts, plaintiffs allege claims under 42 U.S.C. § 1983 for excessive force, false arrest, and a violation of equal protection against Swank and Meyers (Counts I, II, and III, respectively), and for an unconstitutional custom or policy allegedly maintained by the County and Sheriff (Count IV). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1331, 1343, 1391. Before the court are two motions to strike brought by plaintiffs under Federal Rule of Civil Procedure 12(f): one to strike the County and Sheriff's supplemental affirmative defenses and the other to strike four of Swank and Meyers' affirmative defenses.

Motions to strike affirmative defenses are generally disfavored and should be granted only when the affirmative defense is insufficient on the face of the pleading. See Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991), cert. denied, 504 U.S. 957 (1992); Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). In this context, affirmative defenses are tested under a standard identical to that applied to motions to dismiss under Rule 12(b)(6): they will not be stricken if they are sufficient as a matter of law or present questions of law or fact. See Heller, 883 F.2d at 1294; Sayad v. Dura Pharm., Inc., 200 F.R.D. 419, 421 (N.D. Ill. 2001).

In a supplement to their original answer, the County and Sheriff set out their fourth, fifth, and sixth affirmative defenses. These defenses allege Lee Brown was convicted of resisting a peace officer and Barbara Brown of obstructing a peace officer – convictions arising out of the same events forming the basis of plaintiffs' complaint, including their false arrest claim. (Plaintiffs do not actually dispute the fact of their convictions.) The County and Sheriff then assert these convictions collaterally estop plaintiffs from claiming their arrests were made without probable cause and Lee Brown's conviction additionally estops him from claiming he did not resist arrest. To the extent plaintiffs' false arrest claim in Count II relies on the charges for which they were ultimately convicted – and their complaint is vague enough to leave open that possibility (Compl. ¶ 97) – collateral estoppel theoretically provides a valid defense to at least that portion of Count II. See Currier v. Baldridge, 914 F.2d 993, 996 (7th Cir. 1990), cert. denied, 499 U.S. 962 (1991). The court therefore denies plaintiffs' motion to strike these three affirmative defenses.

Plaintiffs have also moved to strike Swank and Meyers' second, third, fourth, and fifth affirmative defenses.[1] In the second and third of these, Swank and Meyers allege plaintiffs cannot pursue their excessive force claim under § 1983 because success on that claim would necessarily invalidate their respective convictions for resisting and obstructing a peace officer, in violation of the principle articulated in Heck v. Humphrey, 512 U.S. 477 (1994). See Holder v. Ivanjack, 93 F. Supp. 2d 933, 938-39 (N.D. Ill. 2000). While Holder certainly supports this theory, the issue is far from settled as other courts have held otherwise. See, e.g., Martinez v. City of Albuquerque, 184 F.3d 1123, 1125-26 (10th Cir. 1999); Nelson v. Jashurek, 109 F.3d 142, 145-46 (3d Cir. 1997); Rosenbach v. Nordstrom, No. 98 C 0726, 2001 WL 199795, at *3 (N.D. Ill. Feb. 22, 2001). In any event, the court need not ultimately decide the matter at this point. It is enough for now to say these two affirmative defenses should not be stricken because they present a valid question of law about an issue that potentially provides a defense to Count I. As for the fourth and fifth affirmative defenses, plaintiffs argue these should be stricken because they only challenge the legal sufficiency of plaintiffs' pleadings – specifically, that plaintiffs fail to state claims for false arrest and the denial of equal protection. However, as Swank and Meyers point out, Rule 12 contemplates that the defense of failure to state a claim upon which relief can be granted may be made either by motion *or* as an affirmative defense. See Fed. R. Civ. P. 12(b), (h)(2). For that reason, the court will not strike these two affirmative defenses.

For the reasons stated above, plaintiffs' motion to strike the supplemental affirmative defenses of the County and Sheriff is denied, as is plaintiffs' motion to strike affirmative defenses two through five of Swank and Meyers.

---

[1] Although pled in separate answers to plaintiffs' complaint, Swank and Meyers' affirmative defenses are virtually identical and use the same numbering.